And we'll hear argument next in 21-1270. MOAC Mall Holdings versus Transform Holdco LLC. Mr. Hallward-Griemeyer. Mr. Chief Justice, and may it please the court. Because of the harsh consequences of designating a procedural prerequisite jurisdictional, this court requires a clear indication from Congress before it will treat a limit as such. Nothing in the text, structure, or context of Section 363M suggests, much less clearly reflects, that Congress intended the absence of a stay to deprive the appellate courts of jurisdiction. To the contrary, the text explicitly presupposes the exercise of appellate jurisdiction, including to reverse or modify a sale order. The provision merely limits the remedial consequences of such a ruling, and then only if there was no stay. Transform's few appellate decisions concerning an earlier rule of bankruptcy procedure do not provide a clear indication of jurisdictional character. None of the cases Transform cites are from this court, and none actually designated the rule jurisdictional. Because the requirement of a stay is not jurisdictional, it was subject to forfeiture and estoppel, each of which applies here. Transform assured the bankruptcy court that it would not invoke Section 363B to defeat MOAC's appeal because Transform did not believe Section 363M applied. And Transform was right. The order under review did not authorize a sale under 363B. The asset sale had already closed. Rather, the order authorized assumption and assignment of a lease under Section 365 with no additional payment to the debtor. It does not defeat any congressional limit on the court's power to hold Transform to the position it took in the bankruptcy court. Finally, Transform's alternative argument that the leases transferred deprived the appellate courts of jurisdiction to review the assignment orders confused on multiple levels. It wrongly assumes that bankruptcy court's jurisdiction is solely in REM, which this court has rejected. But even if it were, this court has made clear that the transfer of the RES does not deprive the appellate courts of jurisdiction, whereas here the transferee is a party to the proceedings. I welcome the court's questions. And I understand you'd like to get to the jurisdiction non-jurisdiction question, but I think I've almost had my fill of that. Could you just take a second to explain what provision you rely on to challenge the lease assignment? We argue that the less the assignee did not satisfy adequate assurance of future performance. And that's 365B1C and also 365B3A. So the bankruptcy code requires it's very protective of mall owners. Congress was very solicitous of them, and it provided that both in order to assume and to assign a shopping center lease, the debtor and the assignee would have to show that there would be adequate assurance of future performance. And that required specifically showing that the assignee had the same financial wherewithal and operation experience as the original lessee here, Sears, in 1991. And the district court held that that was not met. As a practical matter, what would the difference be? Well, on remand, we believe that MOAC would be entitled to recover the property because the time to designate and assume and assign the lease is now expired. But even if we were not right on that, at the very least, MOAC would be entitled to an assignee that satisfied that statutory requirement, which would also protect the mall's interest. Of course, whether we're entitled to either of those releases is a merits question. It does not go to this court's jurisdiction. Does your argument depend upon there being issues that could be raised that do not go to the authorization of the sale or lease? In other words, I understand the argument that this doesn't bar jurisdiction across the district court, but it doesn't bar any further inquiry into the validity of the sale or lease. No, where the statute is properly invoked, that would be true. But here its protections were both waived and forfeited. It was not raised in the district court until after the district court had ruled on the merits. And it was affirmatively waived in the bankruptcy court as part of Transform's objection to a stay pending appeal. So what would you have left apart from the issues of waiver? Well, we would also argue that this was not a sale of property of the state under 363B because that had already happened. The sale had closed. The money had been paid to Sears and there was no it was not subject to adjustment if the designated leases were later held not to be eligible for assignment. In fact, the APA, the purchase agreement, explicitly contemplated that the bankruptcy court would have to consider and decide whether there has been adequate assurance of future performance and that if it was not found, then the debtor would have no obligation to assume or assign the lease. So the sale closes while that possibility of an individual designated lease not being assignable was still outstanding. So there is there's no way in which the sale is invalidated by a ruling in our favor. That's why I say Transform was right initially to say that this is not an order that to which 363M applies even on its terms because it specifically contemplates the purchase or sale, the words sale and purchaser appear several times in the provision. And it is an authorization under 363B. The authorization that is relevant here appears at Petition Appendix 114A. It's paragraph 11 of the APA. And it says debtors are hereby authorized in accordance with Sections 105A and 365 to assume and assign the designated lease. Assumption and assignment occurs under 365. There's no reference there to 363. We're challenging the assumption and assignment, not the earlier sale. What was sold was designation rights. The sale of the designation rights is done and gone. It's been completed and not going to be undone with this. But the sale of the designation rights contemplated that a designated lease might never be successfully assigned because the assignee could not satisfy their statutory requirement of adequate protection, and that's what happened here. So Transform is simply being held to the terms of its bargain. Suppose we agree with you on the jurisdictional question. What would happen on remands? Can the district court simply vacate the assignment order? Yes, Your Honor. Okay. What if that happens? To whom would the lease revert? So we believe that the lease would revert to the Mall of America. And that's because under 365D4, the statutory time to assume a lease expires after 210 days unless extended by consent. Here there was extension by consent until the end of August. Why wouldn't it revert either to the Sears bankruptcy estate if there is still such a thing or to the reconstituted Sears? Well, in a sense it would revert to the estate, but because under the language of 365D4, once the 210-day period to assume has passed, the lease is deemed rejected. And since we're past that time, it would, under the terms of the statute, immediately revert to the lessor. But there's another reason why the same thing holds, and that's because Transform only had designation rights during the designation period. And that expired on May 3rd, 2019. So we think it's too late two times over for them to try to redesignate a new assignee and go through that process. But that's my merits argument. If I'm wrong on that, then at the very least, assuming that Sears or its successor has an ability to designate a new assignee, at the very least we would be entitled to only being assigned to someone who can satisfy the protections afforded by the statute. So there are news reports that Sears exited bankruptcy in November. Is that correct? So is there still an estate? Your Honor, we would take the position, again, that it's too late. There is a litigation trust, and I assume an argument could be made that it would become property of the litigation trust. We would dispute that. But again, those are merits issues for the courts to determine on remand. They don't go to this court's jurisdiction because there's an Article III case. No, no, I understand that. I'm just trying to figure out what the practical implications are. But again, our position is that twice over, the time to designate and to assume and assign this lease have passed. But that's because both under the terms of the APA and under the terms of the statute Congress created, basically, Sears had one shot to identify an assignee that would satisfy the requirement. And had they designated an assignee, it could have been any. It could have been Target. It could have been Bloomingdale's that had the similar financial situation and operating experience as Sears in 1991, that would have been fine and good. Instead, they designated a holding company that had never had any such experience. I think what I'm struggling with, and since my colleagues are too, is that it's a little unusual to say a good faith purchaser of a bankruptcy asset might have to disgorge it, you know, some years later after perhaps the bankruptcy estate has been eliminated and the bankruptcy is discharged. So, you know, what do we do about that? Does every good faith purchaser now take an asset subject to the possibility that it will be reverted to and a bankruptcy estate might have to reemerge? And I mean, I'm just unfamiliar with, I'm not a bankruptcy expert, you are. So, is there any other analog to this that you're aware of? 363M protects the good faith purchasers. Yes, and it's if there's a stay, but you know, then you waive and then here we are. Exactly. And I guess I'm asking, is there any other instance in the bankruptcy laws, maybe that's the way to get at it, where there's this kind of reversion of an asset that a good faith purchaser is taking on? So, in the first instance, I want to reiterate that we don't think that Transform is a purchaser with respect to the asset. I understand. Yes, yes, yes, yes. Because this was the second. Yes, but your argument doesn't turn on that fact. Your argument turns on the meaning of the statute. So, that doesn't help. So, again, I think that the statute, this court has recognized that even important principles, even emphatic, you know, schools have an emphatic. Counsel, I spot you all of that, but you are dancing, my friend. So, let's get to the center stage. You know, is there another example that you can think of where a good faith purchaser in the bankruptcy laws, I think it's just a straightforward question. Would have to disgorge an asset. I think absent its, in a sense, agreement to do so as it has here by waiving the protections of the statute. I don't think that's. The good faith purchaser is not the one who waives it or not. Oh, well, here it is. I understand here it is, but that's not always going to be true. No, and in fact, that's the cases that we cite and the reply brief on page 18 make that distinction. They hold that where the transferee is outside of the proceedings and not subject to the court's jurisdiction order, that it can't be ordered back. But they say, where the transferee is a party to the proceeding, where the order can, in effect, be undone through an order to the parties to the proceeding, then there is jurisdiction to give that relief. So you would be okay with a rule that says it's not jurisdictional, but in no circumstances may a court order a good faith purchaser outside of the bankruptcy proceedings to revert an asset. That issue is not presented in this case, and I would urge the court not to reach out to decide it because I don't think it's been briefed in this case. The principles of what are called equitable mootness have, you know, been legioned, and I know that there have been a number of petitions about that to the court. This is about statutory mootness. It was a statutory protection that was waived by transform specifically twice in the bankruptcy court. And the bankruptcy court ended its comment about that, and this is at page 7A of the briefing opposition appendix, saying they're not going to rely on 363M. Mr. Chesley just reiterated that for a second time. If that were an inaccurate characterization of transform's position, and they had twice disavowed 363M already at that time, it was incumbent upon transform to clarify. The district court recognized that if ever there was a case for judicial estoppel, this is it. But we don't need to rely on either of these doctrines because we also have forfeiture. Transform went through the entire merits litigation in the district court without asserting that 363M had any application to the court's jurisdiction to hear this decision. Jurisdiction in the statutory sense, jurisdiction in the Article III sense, said nothing about that until after it had lost. And that's precisely the unfair, harsh consequences of misdesignating a rule jurisdictional. Here, there is no indication that Congress intended that effect. And I would ask, give the example, Your Honor, Justice Gorsuch, you asked about the good faith purchaser. But transform's argument is so broad that it would mean that there's no authority to recover the property even from a bad faith purchaser, one who did not purchase in good faith. They say the only remedy is Section 549. But Section 549, here's a two-year period of repose. It's also the debtor's cause of action and subject to waiver. They assert that Sears has already waived any claim under 549. And, of course, the two-year period is gone. Counsel, I hear all of that, okay? I guess my concern, and I'm just, put aside this case. I know it's really hard, okay? And I'll put my cards on the table. I have a hard time saying this is jurisdictional, okay? But I just can't think that there are many circumstances in the bankruptcy laws, if there are any, where good faith purchasers might have to relinquish an asset. Okay, forget about bad faith purchasers. Forget about those. And so we're going to be scrambling to come up with some sort of rule to deal with that fact, okay? And I just want to know where on earth that would come from. And you haven't seemed to give me much help so far. Again, it's a merits question. I got that. I really do. So I would point the court to both this court's decision, the Republic Bank of Miami, which is not a bankruptcy case, granted, but where the court seemed to understand that because the United States was a party before it, and it indeed brought the action, then a court order to undo the transfer would be honored by the United States. I mean, there were complications because the United States needs and appropriations, but the court found it. Chafin v. Chafin, which is referred to in the law professor's amicus brief, is another one to the same effect. There, the court characterized it as simply asking for the routine relief on appeal that the decision of the district court be reversed and its order undone. There, the question involved a child's custody. The child had, during litigation, because there was no stay pending appeal, been removed to Scotland. Thank you. Following up on Chafin, if I'm remembering correctly, the court went on a little bit about how narrow the issues that would be available in the proceeding would be. Well, the court actually does not resolve the question. They said that on remand, there was a question whether the agreement, the international convention would itself provide for an order of re-return or if principles of equity would allow. And I think what the cases that we're citing on page 18 of the reply reflect is that the bankruptcy court is a court of equity. A party like Transform comes to the court, asks for an order. It's subject to the court's personal jurisdiction because that was a term of the APA, Consented to the Personal Jurisdiction Bankruptcy Court, that if the court undoes it, then Transform will have to honor that order. At the moment, there are two pieces of paper. There's a lease that was given to Sears and there's a second piece of paper that says, pursuant to authority under Section 365 of the Bankruptcy Court Code, the Sears lease has been assigned to Transform. But when on remand, that order is taken away, then Transform has nothing to assert in terms of its right to the leasehold at Mall of America. Thank you. Is that part of? I'm sorry, Justice Thomas? Oh, I'm sorry, we're not there yet. Yeah, we are, yeah. Justice Thomas. Justice O'Neill. Justice Kagan. Can I ask you to make an assumption you don't want to make, but would you assume sort of along the lines that Justice Gorsuch was saying, that in fact, at this late date, the court is not going to be able to undo the assignment? Does that make this constitutionally moot or is there some other form of relief that the court could provide to resolve this dispute? Well, Your Honor, I think there might be additional relief that could be provided to Mall of America in terms of out of the compensation from the sale. That's not been explored yet. I do want to make one point in terms of whether this assignment can be undone. The parties stipulated. I want to just stick with my question. Okay. And you gave one flesh out, like what do you think a court might do, even assuming, and I know you dispute this and I'm not suggesting that you're wrong, but if there is no unwinding to be done, what is left? Well, Your Honor, the rule, the statute only precludes an invalidation of the sale. Of course, we think this is an assignment, not a sale, so it doesn't apply. But if that is unavailable, then the court has to consider whether there can be any other relief. Here, we think other relief might be, for example, further protection to ensure us that Transform actually does comply with all of its requirements or perhaps money out of the estate to compensate Mall of America for what it has lost. But again, that's not necessary to reach here because here the parties entered into a stipulation that Transform would not do anything further that would moot the appeal. As a consequence, this property remains dark. It has never been developed. There's nobody operating it right now. So if ever there's a situation in which an assignment of a lease could be undone, it's this one because the parties agreed to it, stipulated. Justice Gorsuch, Justice Kavanaugh, Justice Barrett, Justice Jackson. I just wanted to ask whether, partly in response to Justice Gorsuch's question, is it your view that the statute itself, M, assuming that it applies, does contemplate circumstances in which you might have to unravel it because it only talks about the validity of a sale that has been made in good faith? Yes, Your Honor. It explicitly contemplates that if the transfer was not made in good faith, then there would be an unwinding. So Congress specifically contemplated an exercise of this jurisdiction even that the sale would have to be unwound in certain circumstances. And Transform has waived whatever protection the statute might otherwise have afforded it. Thank you. Thank you, counsel. Ms. Sinsdaer. Mr. Chief Justice, and may it please the Court, Section 363M is not jurisdictional because nothing in its text suggests that it is, and there is no other evidence that satisfies the clear statement rule described in Arbol. Respondent is incorrect in asserting that Section 363M is nonetheless jurisdictional because it reflects a long-standing limit on in-rem jurisdiction. Among other things, this Court's decision in Republic National Bank rejected the existence of the very limit on in-rem jurisdiction that Respondent now asserts. Nor should Respondent prevail based on its new argument that Section 549 and 550 provide the exclusive means to unwind the disputed lease assignment. This new argument about whether Petitioner is entitled to relief under the bankruptcy statutes is not jurisdictional. And even if it were, there is no reason that this Court would have to address it before the question of subject matter jurisdiction on which this Court granted cert. I welcome the Court's question. I know there's a resistance to projecting what would happen if this case goes back, but what do you think will happen? We are not taking a position on that. The United States does not have. Nobody is. Nobody is. Nobody is. It does not affect this Court's subject matter jurisdiction to decide this question, so we do not need to. We would say that we are not aware of cases in which courts have insisted that there be additional process in order to unwind a lease assignment once the Court has reversed the lease assignment on appeal. There aren't cases as far as we can tell either way. It is our sense that in general, this idea that there would need to be further process, it doesn't have a lot of precedent. We have looked, for example, at what happens when there's a good-faith purchaser, and in the cases that we've found, there hasn't been additional process that the good-faith purchaser has had to go through, at least looking at the bankruptcy court dockets. We haven't been able to see that. But we aren't taking a position on that because that wasn't a question on which this Court granted cert. I hear everything you say, okay? So take it as read, okay? But normally, I mean, my bankruptcy experience is limited, so yours is much more, you have access to people with great more expertise, and so I'm really pleading for that, okay? Normally, I think of good-faith purchasers, put aside bad-faith purchasers, okay? Because once they purchase an asset in bankruptcy, we're done, and it's all about finality and resolution and moving on and quickly resolving these cases. And that's really pretty essential to the greater purposes of the bankruptcy laws, certainty and allowing people an opportunity for a new start, okay? What happens to good-faith purchasers in these circumstances who, through no fault of their own but because of the monkey business of the parties, have major assets, you know, I mean, we're talking years later. It just seems to me, contrary to what I know instinctively about the bankruptcy laws, now perhaps there's some other limitation that we can make up, we can find. Yes, yes, you're shaking your head to the right question and nodding it to the right question. Help me. What is it? Sure. So if the purchaser, the good-faith purchaser, was not a party to the appeal, which we think is not the situation we have here. Gotcha. If instead they're sort of, it's three years later and suddenly someone is showing up at their door and saying, you need to give us the property, then we think they could assert Section 363N. They wouldn't have had an opportunity to assert it before, so they would not have waived. They would not have forfeited. There would be no concerns with respect to judicial estoppel. That's helpful. Thank you. If I could just address a few quick points about jurisdiction, because we do think this is a straightforward question and we know that with respect to the court's precedents, but we think there are three issues where things can get a little bit confused in terms of what governs subject matter jurisdiction. And so the first one is a statutory restriction on release does not normally govern subject matter jurisdiction. And I think that there can be some concern because of the regressibility prong under Article III, the Article III analysis, that release should play into that. We think that Steele Co. squarely addresses this at page 96, where the court explains that a statutory restriction on release, the question, it doesn't usually affect jurisdiction because the question under the regressibility analysis is not whether a party is entitled to the release that it's seeking, but rather whether if they are able to obtain that release, it will truly redress their injury. I'm sorry to interrupt you, but can you just make sure to address an issue that I think you didn't have a chance to address, which is the mootness question, sort of directly. What is the most straightforward reason this case remains alive, given what has been argued on the other side? Okay. Again, I just want to say at the threshold that we don't think the court has to deal with the new question because this is itself a question of subject matter jurisdiction. So we're not in a world where you have to worry about your weighing in on the merits. So we can pick either one. That's right. But I also want to say we do not think that the new argument is actually jurisdictional. And that's because it's essentially an assertion about whether the petitioner is going to be able to get the release it seeks on remand. And we do think the Chafin versus Chafin, the 2013 opinion that I believe Petitioner's Counsel was referring to, that directly said that questions about whether a statutory scheme, or in that instance, it was actually a statute and a convention. Questions about whether that statutory scheme permits the release that the appellant is seeking on remand. Those questions go to the merits, not mootness. And it's very clear. So I think Chafin versus Chafin at page 174 is the direct answer to the mootness question. And that actually anticipated one of the three jurisdictional points I wanted to make. The last one is just about in rem jurisdiction. And I think there are points in Respondent's Brief where it treats in rem jurisdiction as synonymous with subject matter jurisdiction. And we think that's not right. Because in rem jurisdiction is really an alternative to in personam jurisdiction. So I think every law student learns pretty early on that in order for a court to hear a case, it needs to assure itself that it has both subject matter jurisdiction, that is, the power to hear the class of cases into which the controversy falls. And either in personam jurisdiction, personal jurisdiction, or in rem jurisdiction. And the reason that's important is that we know that limits on personal jurisdiction can be waived. And we think the same is true of limits on in rem jurisdiction. Such that even if Respondent was correct that there is some principle of in rem jurisdiction that's floating around here, it just doesn't matter because it could be waived. And if the court has no further questions. No one? Okay, thank you. Rebuttal, Mr. Brunstad? Not quite yet. Rebuttal, Your Honor. I guess, it's a tough day. Sorry. Your opening points. Mr. Chief Justice, and may it please the court. Justice Thomas, I am going to take a position on your question. Justice Gorsuch, I have a better answer to the question that's actually correct. Justice Kagan, there is no additional relief that can be granted. Justice Jackson, this case is, there is no case or controversy. But first, it's important to set forth the actual facts. Because my friend got a few things wrong. In 1991, Sears and Moac entered into a 100-year freely assignable, essentially rent-free ground lease. Sears built the building, not Moac. Decades later, in 2018, when Sears filed for bankruptcy, the building that Sears built with this ground lease became property of the bankruptcy estate of Sears' bankruptcy estate. Sears moved for authority to sell, by private contract, this property to transform. After the necessary approvals from the bankruptcy court were obtained, that sale transaction closed on October 4th, 2019, three years ago. And it was a sale, as the district court determined. It was a transfer of ownership of property for a price. There was additional consideration that was paid for this specific asset, this building and this lease. Millions of dollars in additional consideration that's elaborated on pages 13 to 14 of the red brief. Okay. There is no remedy that can be granted to them at this point. What is the relief, the sole relief that they identify? It's on page 10 of their reply brief. Before you get into that, though, I'm interested in the fact that your recitation of the facts did not include the waiver that they continued to point to. Isn't there a point in the procedural history of this in which your client transformed, said, we're not going to rely on 363M? And what do we do about that? Justice Jackson, there is that point. That goes to section 363M. My argument initially is that wholly apart from section 363M, put that statute aside, put the question of waiver aside, because it only pertains to section 363M. There is no case for controversy. There is no way to undo the sale in this instance. And here is why. Three reasons. The remedy they seek, which is specified on page 10 of their brief, the courts can simply enter an order avoiding transfer of MOAC leasing to simply take the property from them. That remedy does not exist as a matter of law. The statutory remedy, the exclusive remedy is the avoidance powers. That's not available here. The bankruptcy court on remand has no subject matter jurisdiction over this property. Its jurisdiction is limited to property of the estate. This is not property of the estate. If this were remanded back to the bankruptcy judge, the judge would say I don't have jurisdiction here. I have jurisdiction over property of the estate, not transformed property. If you want me to have jurisdiction, you have to invoke the avoidance powers to bring it back into the estate. That's not available. But Justice Gorsuch, your question, but what is the answer? It is in this court's seminal decision. So for commercial law geeks like me, these decisions, although not widely known, they are seminal in my field. And they are this court's triumvirate of decisions in Gray v. Brignardello, in Voorhees v. Bank of the United States, and in Griot v. Lessie v. Astor. And there the court unequivocally explained, if you reverse a sale order on appeal, it does nothing to affect the sale. The sale cannot be overturned. This court's language explanation in Gray is straightforward. Although the judgment or decree may be reversed, yet all rights acquired at a judicial sale, while the decree or judgment were in full force and which they authorized will be protected. With the errors of the court, the purchaser has no concern. And the court said, this is so well established, you know, we shouldn't even have to reiterate it. The court was even more unequivocal in Voorhees v. Bank of the United States. I go to the sale order itself. I thought the sale order, which was selling Sears' right to assign the lease to transform, the sale order said that that right reserved the landlord's right to object to any lease assignment that failed to conform to the requirements of 365. So the sale order itself reserved the right of objection. That's what you bought. At the assignment or at the step of the assignment, the landlord objected. And the court said, no, I'm going to overrule it. But then you came in and said, you, transform, came in and said, I'm not going to rely on 365M. I'm here before the court. I'm going to subject myself to this procedure, which you did. And you got overruled. And then you wanted to appeal that. I don't understand. You took, you're before the court. So you're in personam. You're defending your own rights and to the assignment. And now you've lost or you're invoking 365M. So I don't understand how the court has lost jurisdiction. And I'm not even sure how you're a good faith purchaser because you purchased subject to the landlord's objection. The bankruptcy court found we were a good faith purchaser. And as the court of appeals explained, that designation was not challenged. We are a quintessential good faith purchaser. Yes, but subject to a condition. Well, several things, Justice Sotomayor. First of all, it was a two-step process for the sale. The sale was under section 363 of the assets, which required further approval of the court for the transfer of the lease, which is also part of the sale, for which additional consideration was paid in addition to the 1.4 billion that was paid for the bulk sale. So this is all a package together. What happened, though, was at that point, right, and this is important. The bankruptcy court does not exercise in personam jurisdiction over property of the estate. There's no summons and complaint against the purchaser. There's no ordinary in personam process. It's all in rem. This court said so in Stratton v. New, and as the Seventh Circuit explained, a proceeding under section 363, that's the sales statute, is an in rem proceeding. One does not convert an in rem proceeding into in personam as a buyer by showing up. If that were true, this court's decisionhood would be wrong. If Your Honor may recall, in Hood. I'm sorry, I'm totally confused now by you. Certainly, Your Honor. Certainly. Let me explain. You are the party who bought. We are the buyer, Your Honor, yes. You bought subject to the objection. You're before the court. That's this court's point in Gray v. Rignonello. Whatever may have been the merits of the objection is not the buyer's concern. This court was emphatic about that. I see what you're saying. When you show up at a sale, the court said, and this is just repeating its language from prior decisions, this has been the settled commercial law rule for 200 years. The purchaser is not concerned with any errors the trial court might make in authorizing the sale. As long as the sale is authorized, the purchaser takes free. If it's reversed on appeal, it does not matter, which is why there's no common law rule that you can undo it. Okay, so they say there might be some other relief. Not so, Justice Gorsuch. Here's why. Here's why. This is bankruptcy. And in bankruptcy, if you have a claim, you must file a proof of claim. They did. They filed a proof of claim for the unpaid rent. Transform paid that as additional consideration, which was then paid to them. The opportunity to file a claim for additional damages has long since gone. There is no possibility that it's foreclosed or out of bankruptcy. There's another reason. The one thing, give me your other reason, then I got another question. There's no such thing as a cause of action for breach of section 365 of the bankruptcy code. There is no such thing. It would be an implied cause of action that does not exist. So they are foreclosed procedurally and substantively from making any claim for damages which they've never heretofore even suggested. It is not possible, especially since now Sears' bankruptcy is over, the case is gone, the funds have been distributed, there is nothing left. So they do not, Justice Kagan, there is no opportunity for any additional relief whatsoever. The sole statute or mechanism. So counsel, I'm sorry to interrupt you there. Certainly, Justice Gorsuch. Boy, you've been so persuasive, you got me into thinking I should dig this case. I, yes, your honor. But you don't want that, do you? I do want you to dismiss the petition of the bankruptcy. I absolutely do, but I do think the statute's also jurisdictional, and I would like to explain why. And this ties into the fact that, right, this is in rem subject matter jurisdiction. Subject matter jurisdiction of the bankruptcy court is property of the estate. What is the proceeding here? It is a sale of estate property. That is fundamentally in rem. It cannot be in personam, right? If that were, if it were in personam, this court's decision in hood would be wrong. There the state showed up. You can't do in personam action against the state. You can only do in rem, the court said. By the state showing up, which it did, it doesn't convert in rem into in personam. It stays in rem. This is in rem from the beginning, just like an admiralty, the ship has sailed. Counsel, you suggest that in rem is like a very, very narrow set of powers. And I'd understood the bankruptcy court could exercise certain additional powers in its review of the rem. Is that not so? As this court explained in Ehlers, whatever equitable powers remain in the bankruptcy court must and can only be exercised within the confines of the bankruptcy code. The bankruptcy code has a very specific remedy for upsetting these sales. It's called the avoidance powers. They essentially concede those are not available here. They apply not only to good faith purchasers, that's section 549 and section 550, but also bad faith purchasers. There's a specific provision of section 363 that allows for overturning a sale to bad faith purchasers, 363N. That remedial scheme would make no sense if there was also some vague general equitable power of the bankruptcy court to simply do an end run around the avoidance powers and simply bring property back into the estate. Mr. Brunson, I feel like you're taking us far afield of the question that we've got to insert on. I mean, why does any of this matter? Why can't we just answer the jurisdictional question that we granted cert on and then send it away and you can make your arguments below? Justice Barrett, because there is no case or controversy. But we don't have to get into that, right? Yes. If we decided a jurisdictional question, you know, as counsel said, we can decide on either ground. No, Justice Barrett, here's why. In this court's decision in official English for Arizonans, the court said we consider not only our ability to decide the question, but the lower court's ability to proceed. Here, if you were to reverse and send it back, what could the lower court do? Absolutely nothing. No, they can decide their own jurisdiction to decide jurisdiction. So we have a bunch of different jurisdictional questions. As Justice Barrett said, one, we took cert on and there's split on it and there's usefulness to our deciding that. And then as to anything else, send it back and they can decide on their own jurisdiction with respect to the rest. No, Justice Barrett. Make your arguments there. Jurisdiction is not relief. There must be some tangible remedy that they must be able to get. They cannot. Wholly apart from section 363. Well, that's just assuming the conclusion. I mean, that's exactly what we would be asking. You know, we would be saying there are a bunch of other issues in this case. And one of them is whether there's any possibility of relief remaining. And you guys, the lower courts, go decide that. But Justice Kagan, in the technology decision that Your Honor authored, at the very beginning of that decision, Your Honor said, well, is there a contractual breach remedy here? And you thought there was enough evidence that there was to then reach the question of whether section 365 breach equals rescission. And Your Honor said it doesn't. Their similar here is similar to the one that Your Honor rejected in that decision. But the threshold question under case for controversy jurisprudence is, is there some sort of tangible relief, something they can get out of actually prevailing? And here the answer is no. The sole relief they want is to take away the property. And they also want a forfeiture. They said so themselves. It just simply goes back to them. That's not permissible under bankruptcy law for a whole host of complicated reasons. But the fundamental threshold thing they want, they cannot get. This court tried to establish it. Well, counsel, the Chafin case makes very clear that in terms of looking at what relief is available, they go, they stretch it pretty far, I think, in analyzing it. You know, maybe this will happen, and it's not inconceivable that this will happen. Not their words, but the type of relief they were talking about under the convention seemed to me to be sort of any possible argument you've got is enough to get it to the district court to at least consider its jurisdiction. But Your Honor, on page 10, there's a reason why there is a remedy is citation-free. I'm sorry, page 10 of what? Page 10 of the yellow brief, Your Honor. Oh, okay. Where they actually articulate their remedy. They cite not a single case in support of the remedy they claim that they have. And the reason why is because all of this court's precedence is to the contrary. The cases that I articulated at the beginning are very clear. You cannot, when the order of assail is reversed, you cannot disturb the sale. That is black letter benchmark commercial law in practice in this country for two centuries. If you want to get around it, you have to, in bankruptcy, use the statutory mechanism, which is the avoidance powers. As we explain in our brief, that is just not available. But it's not clear you'll win below. It's clear we'll win below because there is no. Well, I'm saying, so why can't, you know, Justice Kagan and I were talking about we answer the question in which we get it granted certain you should feel good, none if you're right, about your chances below. Because there's no case or controversy if there is no effective relief. We're not saying there's a case or controversy, right? Let's imagine you lose and we say it's not jurisdictional. All we're saying is that this isn't a jurisdictional bar. Any other arguments you have, you can take them up below. Because the case or controversy requirement of Article III constrains this court's jurisdiction as well, not simply the lower court's jurisdiction. That's the fundamental point. But there's a second point, and that is the bankruptcy court has no subject matter jurisdiction over this property. Its subject matter jurisdiction is limited in rem to property of the estate. This is also why Section 364 is jurisdictional. It is a blunt abrogation of subject matter jurisdiction. It says regardless of whether you reverse or you modify a decision on appeal, it does not affect the validity of the sale. If you can't affect the validity of the sale, the property cannot be brought back into the estate. If the property can't be brought back into the estate, there's no subject matter jurisdiction in federal court. The ship has sailed and the statute says you cannot possibly get it back into port. It is just like an admiralty jurisdiction. It's also jurisdictional because Section 363M codifies an historic practice. It codifies Rule 805, which was declaratory of existing case law, which was uniform. Of course, if that's true, why did you waive it so many times in this case? I mean, that's the only reason why we're here looking at this and trying to decide, per the question presented, whether it's jurisdictional, is because you brought it up late. And the court had already ruled against you, and you apparently waived, you know, the 363M question, and so when you brought it back again, you said, but wait, wait, wait. That question is jurisdictional, so you still have to decide. Council made a mistake in articulating what Section 3. Your council. Council for Insurance Reform. It's the same mistake the bankruptcy judge made about Section 363, but Transform knew this was a jurisdictional question. They cited in their papers in the bankruptcy court the very jurisdictional precedents from the Second Circuit that say it's jurisdictional. One also cannot, by consent or waiver or misstatement of a law, create subject matter jurisdiction that does not exist. Here, there is no subject matter jurisdiction because the statute bluntly says, no matter what you do on appeal, you cannot bring the asset back into the estate. If you cannot bring the asset back into the estate, it's not property of the estate. There cannot be federal subject matter jurisdiction in bankruptcy, which is limited in rem to assets of the estate, okay? So it is a blunt jurisdictional abrogation. That is by design. That was specifically what Congress intended by codifying verbatim in this oddly worded statute, a former rule of procedure, Rule 805, which was declaratory of existing law. The two seminal cases were Fink and Taylor. Taylor involved a situation where there were assets in bankruptcy that were sold, and then the Committee of Creditors appealed, and the Court of Appeals said, we don't have jurisdiction to decide this controversy. We have no authority to hear. The same thing in Fink, which used jurisdiction three times in this decision, the Fourth Circuit's decision. Jurisdiction, jurisdiction, jurisdiction. We cannot bring the property back. We cannot order it to come back. Again, one does not. Well, they may have used it three times, but the statute doesn't use it at all. Correct. And the question is why. And in Boeschler, this court said, we look at the traditional tools of statutory interpretation. We look at the text, the context, and the history. Well, here there is an established historical practice that Congress intended to codify. It wasn't just that the courts limited remedial relief. They said, we have no authority to even hear the appeal where you're challenging the validity of the sale. And authority to hear is subject matter jurisdictional. We can't even hear it. We're not going to even hear the merits. In case after case after case, the appellate courts dismissed these bankruptcy appeals over and over again without hearing the merits. That's the practice that Rule 805 captured. The courts construing Rule 805 interpreted it in exactly that way. All the cases, and some of them involved parties that were before the court. The purchaser was there or not. It did not matter. What mattered was that the courts of appeals would not hear those appeals where the litigant was challenging the validity of the sale. Congress chose to codify that practice. But they did so in a specific context. And that is bankruptcy jurisdiction is fundamentally in rem. This court has said so since the early 1800s. It reiterated that in Katz. It reiterated that in Hood. It established that asset sales in bankruptcy are in rem, not in personam, in Stratton versus New. All the lower courts have said the same thing. And they have also concluded as follows. Once property leaves the estate, the jurisdiction of the bankruptcy court lapses. It ends. Why? Because it's in rem and it is limited to property of the estate. Once the property leaves the estate, as happened here when the sale was consummated on October 4, 2019, it was not property of the estate. Well, what do we do with the good faith language in the statute? I mean, that suggests that some court is going to litigate at least that issue. Correct. It limits the subject matter of the litigation to whether the purchaser was in good faith or not. If the purchaser was in bad faith, he had no jurisdiction. You said once it's gone to the sale happens, the property is gone. And then we have three of three, six, three M, which at least seems to preserve as a litigatable topic. Yes. Question of whether the sale happened in good faith. Your argument suggests that too bad. So sad. There's nothing we can do. The property is gone. No, Justice Jackson, because because all that it does is it abrogates subject matter jurisdiction in a narrow category of cases. It's as though in in the exercise of its authority to enact basically federal subject matter jurisdiction, the court said you have federal subject matter jurisdiction in the district courts, but not with respect to this particular federal question. That would be an abrogation of subject matter jurisdiction. This statute works in exactly the same way. If what you're challenging is the validity of a sale to a good faith purchaser, we do not have subject matter jurisdiction to hear it as a subject matter constraint. We have no authority to hear it. Well, how can that be? I mean, it says that the provision in which you're relying, saying you don't have authority to hear it, depends upon the fact that the property was purchased in good faith. You can't be circular. It seems to me that you've got to have jurisdiction to decide the good faith question. That's correct, Your Honor. They have jurisdiction to decide whether it's good faith or not. But if it is to a good faith purchaser, as in this case, there's no subject matter authority to take the property away. But the property left. But the property left. I mean, in these hypotheticals, I mean, I think what Justice Jackson is saying and what the chief is following up on is you told us before that once the property was gone, jurisdiction went away. Correct. Property's gone. But somehow the court, by virtue of the statute, still has to decide this good faith question and has subject matter jurisdiction to do it. Yes, Justice Barrett. And there's a remedy. As this court explained in Katz, the avoidance powers are ancillary to the court's in rem jurisdiction. If, in fact, the sale were overturned because it was a bad faith purchaser, then there are ways, statutory means of undoing the sale and bringing the property back into the estate so the court can exercise in a holistic Section 363 M suspends all of that. If it's to a good faith purchaser, by bluntly stating nothing that you can do can bring the asset back, overturning it, reversing it, modifying it does not affect the validity of the sale. The transfer of ownership must remain in the purchaser. All of those ancillary processes to bring the race back into the estate, into the custody of the bankruptcy court so it can order an alternative disposition are suspended. That's that was the intended effect of Section 363 M. Well, I don't know. Maybe they are and maybe they're not in particular instances. But you do have acknowledged that under 363 M, there is jurisdiction in the court. Now, you want to say it's simply to adjudicate good faith. But then all sorts of consequences flow from that decision. But that's the subject matter, Your Honor. That's the point. The subject matter of good faith is preserved. The subject matter of the validity of the sale is not. Now, this is this is an unusual statute. This is not like any other statute. We were able to find that the court had to construe whether it was jurisdictional or not. It's unique. But that's because bankruptcy jurisdiction is unique. The remedial scheme is unique. Its impact on it's very surgical. It is a key into the system as a whole. But it is supposed to be a subject matter block. It says so bluntly and directly. Reversal or modification on appeal does not affect the validity of the sale. That if the purchase was in good faith. Correct. So the only subject matter you can hear is good faith or not. If the purchaser was in bad faith, all of the remedial provisions under the code are preserved. The rem need to be back in order to adjudicate the good faith question. It does, Your Honor. This is the opposite. So before the court could evaluate good faith, we've got to get the rem back. I misspoke, Your Honor. It does not. No. All right. How does it have subject matter jurisdiction to address the question with the rem being gone? If you're right about the impact of the rem being gone. Because that is a precursor to being able to invoke the ancillary processes of avoidance. And those processes turn on whether you have a good faith purchaser or not. If it's a bad faith purchaser, 363 N applies. And 363 N says if you have a collusive bidder, the trustee can avoid the sale or collect damages. It gives an option, which is why it can't be automatically void. So the determination of good faith or bad faith is a precursor to be invoking one of the ancillary processes, as this court explained in Katz, to bring the asset back into the estate so the court can order a different disposition. 363 M, when it's a good faith purchaser, blocks all of that. The subject matter is cannot be touched because you cannot affect the validity of the sale. The statute says so bluntly. If you cannot affect the validity of the sale, the asset cannot conceivably possibly come back into the estate. There is no avoidance mechanism. So there cannot be any additional exercise of jurisdiction over the race. And an appellate court cannot order a lower court to exercise jurisdiction it does not possess. And once again, just because the purchaser showed up does not convert an in rem proceeding into an in personam action. Mr. Brunstad, do you have anything to say about the question presented? I do, Your Honor. I do, Your Honor. Section 363 M is jurisdictional, Your Honor, for three reasons. Text, context, and history. The traditional methods of statutory interpretation that we look to to determine whether a statute was intended by Congress to be jurisdictional. The text has the text has this blunt subject matter restriction as I've articulated it. But the context is really critical. What context? Boy, jumping to context in a place where we've always said you need a clear statement in the text. Where is your clear statement in 363 M? The clear statement does not affect the validity of a sale. It's a subject matter constraint, not a procedural rule. The other statutes involve things like file your notice of appeal in 14 days or a time limit. This is not a procedural limitation. I think what we've always meant when we say a clear statement about jurisdiction is something that says something like the court has no jurisdiction. That that would be wonderful if it were here. It's not. But the intent was exactly that. You cannot bring the ship back into port. And we've also looked at any kind of wiggle room into, you know, through the door. You know, if you've got jurisdiction for something, we don't think that that statute is jurisdictional. I mean, you may pick and choose. And when you get into the court, you may be denied relief. You may be denied a big chunk of relief. But if there's going to be jurisdiction for a little bit, we sort of let them sort out what relief is available once they're in court. There is no relief available here. But that putting that aside, it's of course, there is if it's in bad faith. But but that that was they did not appeal that determination. There was a factual determination below the court of appeals remarked. They didn't raise that. They didn't timely raise that. That is a settled question of fact, not subject to being reopened. OK, but settled questions of fact can also be appealed, right? They did not. That's the problem. They did not challenge that on appeal. So that is an established. But there's no basis for it. But to your honor's point, this is a uniquely worded statute for a reason. It codifies an historic practice and the historic practice informs what this statute is. Congress codified the rule and the rule reflected a uniform body of case law that refused to even hear these appeals if there wasn't a stay where you're challenging the validity of the sale. That was what Congress intended to do. So I think it's important to sort of take a look at that. I understand the clear statement rule. But again, I would qualify that. That makes sense and is easily applied when you have a procedural requirement. Is that jurisdictional or not? Again, here we have a uniquely worded statute with intended jurisdictional consequences. If you have a sales, a good faith. Let me see if I can put it my own words. Yes, just as I understand, you can do a better job. No, no, I'm confident about is that I am I am deeply confused by this case, but I just want to make sure my confusion is at least what I think it is about that, that you would say that right. You normally require magic words like no jurisdiction. Those are typically in personum actions in an in rem world. Yes. What say no jurisdiction might look like would be you can't touch the property. Correct. Your honor. And this statute says you can't touch the sale. Correct. Your honor. And that is at least I understand the argument. Okay. Thank you. Touch the sale if it was made in good faith. Correct. Correct. And that's what we have here. The question of whether it was made in good faith, who who handles that? And is Congress intending for this court to address that or no? No, and I don't think the court needs to reach that in this case because that's not. So I understand. But as you read the statute, clearly the good faith part is still in there. It's a part of the analysis. And so if the rem is gone, who addresses that? Had they appealed it, the district court would have addressed it in the first instance. They did not. They did not object to good faith in the bankruptcy court. They did not raise it on appeal. They did not argue it in their appellate brief. They did not raise it in the court of appeals. They did not raise it anywhere. OK, but had they addressed that determination, then that could have been addressed by the court of appeals. That's fine. But somehow there's jurisdiction for that. Well, there's jurisdiction for that because the statute only abrogates subject matter jurisdiction. If you've got a good faith purchaser, it goes to defining. It's like saying, suppose the federal question statute said you have federal subject matter jurisdiction over federal questions except for X. Well, you would have to determine as a factual matter, is this about X? If it's about X, we don't have jurisdiction. If it's not about X, we do. That's exactly the same thing that's going on here under Section 363 M. Is it a good faith purchaser? That's a factual question. If it's a good faith purchaser, the abrogation of jurisdiction applies. If it's not a good faith purchaser, it doesn't. And if it's not a good faith purchaser, we have a whole remedial scheme under the bankruptcy code that can get invoked. But if it is a good faith purchaser, you cannot touch the sale. It cannot be undone. That was by design. That was Congress's intent to do that in codifying this historic practice. And when codified when Congress codifies an historic rule, especially in bankruptcy, this court has said over and over again. Sorry, did we have a common law rule on it being a good faith buyer could still challenge the sale? There wasn't a common law rule on that that wasn't particularly developed. It has become more developed. So what we know now is whatever Congress wrote, it was doing away with the common law rule. No, Your Honor. No, it was because it was adding an exception. The good faith buyer exception that didn't exist. And it seems to me that I don't see anything in the words of the statute that suggests it wasn't imputing other equitable doctrines as well. Like, yeah, if you know of the appeal and there's no sale order, you take you're still a good faith purchaser. Just to say, I was not clear if you've waived this on page 10A of the red brief, we reproduce bankruptcy rule 805, and it does, in fact, also have a good faith element to it. So it was part of the common law. It wasn't as developed as it is under the bankruptcy code. It was part of the rule that Congress codified. And as this court has said over and over again, when Congress codifies an historic practice in bankruptcy, we will not construe the code to intend to change unless Congress clearly intended to change. Here, it's clear they intended to codify the practice, which, again, was uniform. The courts of appeals refused to hear these cases on the merits. I have a practical question. Yes, Your Honor. At the end of the case, or assume a stay had been granted. Yes, Your Honor. Does that mean the bankruptcy estate couldn't have been wound up subject to that pending case? So perhaps, Your Honor, but if the stay had been granted, the property would not have left. It would have remained within the estate. The bankruptcy court would have remained, would have had in-rem jurisdiction over the asset. It's because a stay was not granted that the transaction closed under private contract on October 4, 2019, and Transform has been owned and maintained the building and occupied it for the last three years. It's paid the taxes, it's paid the utilities, it's paid the rent, it's fixing the roof. Here's another reason why we can't do an end run around the statutory mechanisms. Under the statutory mechanisms, all of those reliance interests of the purchaser are preserved if the transfer is avoided under Section 550. Under their theory, their non-existent, in my opinion, common law theory, there's no protection. So the millions of dollars in additional money that Transform paid to acquire this specific asset, in addition to the $1.4 billion it paid for the bulk sale, the additional money it's expended to maintain the property, pay the taxes, is simply forfeited. Under the statutory scheme, it's not. You're given a lien for that on the property under the statutory avoidance scheme. That's another reason why we can't do an end run around Congress's carefully crafted protections for avoiding sales. There's protections for purchasers there. There's none in the common law theory. But again, going back to, and if I could just briefly cite these cases, it's Gray vs. Brignardello, 68 U.S. at 634, Voorhees vs. Bank of U.S., 35 U.S. at 475 to 476, Grillon-Lessie vs. Astor, 43 U.S. at 343. The court is unequivocal in explaining, it applies in rem, it applies to sales. You cannot take the property away from the purchaser just because the trial court made an error that was reversed on appeal. Thank you, Justice Thomas. Justice Alito. Justice O'Neill. Justice Jackson. Thank you, Counsel. Thank you, Your Honor. Mr. Hallward-Driemeier, rebuttal. Thank you, Your Honor. With respect to the general proposition that the ship has sailed, this court explicitly rejected that proposition in Republic National Bank. It said, we hold in an in rem forfeiture action, the court of appeals is not divested of jurisdiction by the prevailing party's transfer of the res out of the court. This court rejected precisely the rule they have cited. So perhaps they're suggesting there is a bankruptcy-specific rule to the same effect. We cite, page 18 of the reply brief, several cases in the courts of appeals that concern this issue. And they say that if the transferee is not a party to the proceeding, then the court cannot order it back. But if the transferee is a party to the proceeding, then the court of appeals can undo the transaction. That is the rule we are relying on. It is the rule applied by Fink and other cases cited. Now, mind you, Gray, Voorhees, et cetera, were never cited in the briefs, and I don't know what they say. I'm sorry. But to the extent that they purport to establish a rule similar to their characterization of the Anne or the little Charles, again, this court specifically rejected that in Republic National Bank. Now, 363M, as your honors question suggests, presupposes that there is authority in the courts to get that property back if, for example, it's a bad page, bad faith purchaser. But it does not say that it has to be done by a section 549. And, in fact, Transform's argument explains why that can't be the case, because 549 is a cause of action owned by the debtor. It says, hey, too late, sorry, Sears waived any 549 cause of action. And also, guess what, two years have passed, so you can't do that either. Congress would not have subjected a party who prevails on appeal in establishing that the transfer is to a party in bad faith would have no viable cause of action or opportunity to recover it. It's inherent in the authority of the court. That's what the cases we cite on page 18 provide. At the end of the day, all of these are merits issues that do not preclude this court from deciding the issue on which it granted certiorari. I want to point out that on that issue, first of all, that the good faith finding of fact was in the sale order. Of course, it could not have made a good faith finding of fact with respect to the assignment, because the assignment didn't happen until six months later. And MOAC is challenging their good faith. We challenged it in the form of making an argument of judicial estoppel, because they were the ones that were responsible for there being no stay, because they told the bankruptcy court multiple times that they would not invoke 363-M. This bankruptcy court referred to that as its analysis of every one of the factors. And then finally, with respect to Rule 805, it predated Section 363-M by two years. There was no established practice of the type they suggest, and of course, the cases we cite are to the contrary. Thank you. Thank you, counsel. The case is submitted.